USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  5/5/25

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------X
KEVIN DELVALLE,                        :
                Petitioner,     :
                           :       **17 Cr. 314 (VM)**
       -against-               :       **24 Civ. 9587 (VM)**
                           :       **DECISION AND ORDER**
UNITED STATES OF AMERICA,               :
                           :
              Respondent.     :
---------------------------------X
**VICTOR MARRERO, United States District Judge:**

     Before the Court is a motion by *pro se* petitioner Kevin Delvalle ("Delvalle") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("Section 2255") due to alleged ineffective assistance of appellate counsel. (See Dkt. No. 182; "Section 2255 Motion," Dkt. No. 185 (as amended).[1])

     Having considered Delvalle's Section 2255 Motion, the Government's opposition ("Opposition," Dkt. No. 190), and Delvalle's reply ("Reply," Dkt. No. 191), the Court finds that an evidentiary hearing is unnecessary and **DENIES** Delvalle's Section 2255 Motion.

                         **I.**   **BACKGROUND**

     A.   PROCEDURAL HISTORY

     On November 15, 2019, Delvalle pleaded guilty to one

---

[1] Delvalle's motion was simultaneously filed at Case No. 24 Civ. 9587 (the "Civil Docket") at Dkt. No. 1. As amended, his Section 2255 Motion was filed on the Civil Docket at Dkt. No. 6. Unless otherwise noted, all citations to the record refer to Case No. 17 Cr. 314 (the "Criminal Docket").

count of conspiracy to distribute and possess with the intent
to distribute 28 grams and more of mixtures and substances
containing a detectable quantity of cocaine base, in
violation of 21 U.S.C. §§ 841(b)(1)(B) and 846. (See Dkt.
Minute Entry for Nov. 15, 2019; "Final Revised PSR," Dkt.
No. 93 ¶ 1.) As part of his plea agreement, Delvalle admitted
to participating in the murder of Darnell Harris ("Harris").
(See "Plea Agreement," Dkt. No. 190-1 at 1.)

In its prior Decision and Order denying Delvalle's
motion for reconsideration of this Court's denial of his
motion for compassionate release, this Court extensively
detailed Delvalle's role in orchestrating and participating
in Harris's murder. (See Dkt. No. 178 at 1-5.) In short,
Delvalle and his co-defendants Denfield Joseph ("Joseph") and
Paris Soto ("Soto," and with Delvalle and Joseph,
"Defendants") were Bloods gang members engaged in a
conspiracy to sell crack cocaine, marijuana, and ecstasy.
Defendants hatched a plot to murder Harris after Harris
threatened to tell a drug customer that Defendants had sold
the customer chopped soap instead of crack cocaine.
Defendants lured the unarmed Harris to Soto's apartment,
stabbed him with kitchen knives, bludgeoned him with cooking
pots, attempted to drown him in a bathtub, and attempted to
strangle him. Harris tried to escape the apartment, but

Defendants dragged him back. Delvalle ultimately strangled Harris to death with an extension cord. Afterwards, Defendants enlisted the help of Delvalle's and Joseph's girlfriends to dismember Harris's body and wheel Harris's remains in a shopping cart to the street. There, Delvalle directed Joseph and Soto to douse Harris's body in lighter fluid and set it ablaze. (See Final Revised PSR ¶¶ 8-17.)

In addition to admitting to participating in Harris's murder in the Plea Agreement, Delvalle stipulated to an offense level of 42, a criminal history category of I, and a sentencing range of 360 to 480 months' imprisonment under the United States Sentencing Guidelines ("Guidelines"). (See Plea Agreement at 3.) Further, Delvalle agreed that he would not file a direct appeal or a collateral challenge, including under Section 2255, of any sentence within or below the stipulated Guidelines range of 360 to 480 months' imprisonment. (See id. at 4.) On July 8, 2022, this Court sentenced Delvalle to a within-Guidelines sentence of 420 months' imprisonment. (See "Judgment," Dkt. No. 148 at 2.)

Delvalle has been represented by several attorneys in this matter. Delvalle was represented by George Goltzer ("Goltzer") from his presentment on March 28, 2018, through sentencing on July 8, 2022. (See Dkt. Minute Entry for Mar. 28, 2018; Dkt. No. 36; Dkt. Minute Entry for July 8, 2022.)

Because S1 Superseding Indictment charged Delvalle with capital-eligible offenses (see Dkt. No. 25), Delvalle was appointed Russell Neufeld ("Neufeld," and with Goltzer, "Trial Counsel"), who represented Delvalle as learned counsel from May 24, 2018, through sentencing.[2] (See Dkt. No. 44; Dkt. Minute Entry for July 8, 2022.)

Delvalle appealed his sentence. (See "Notice of Appeal," Dkt. No. 149.) Before the Second Circuit, Delvalle requested new counsel to review Trial Counsel's performance. (See "Motion to Withdraw," Case No. 22-1539, Dkt. No. 15.) As a result, Goltzer withdrew his appearance, and Robert Boyle ("Appellate Counsel") was appointed pursuant to the Criminal Justice Act ("CJA") to represent Delvalle in his direct appeal. (See Case No. 22-1539, Dkt. No. 20.)

On appeal, Delvalle argued that this Court violated Federal Rule of Criminal Procedure 11 when it accepted Delvalle's guilty plea because the plea was involuntary, as Delvalle's plea "was premised on an expectation of a downward variance." (See "Appellate Brief," Case No. 22-1539, Dkt. No. 39 at 11.) Delvalle's argument depended largely on statements he made at his plea allocution before Magistrate

---

[2] S1 Superseding Indictment charged Delvalle with murder in aid of racketeering activity, in violation of 18 U.S.C. § 1959(a)(1) and (2), and murder in connection with a drug crime, in violation of 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2, which are capital-eligible offenses. (See Dkt. No. 25.)

Judge Katharine A. Parker:

> THE COURT: Mr. Delvalle, aside from what's in the plea agreement itself, have any promises been made to you to influence you to plead guilty?

> (Defendant conferred with counsel)

> THE DEFENDANT: No.

> THE COURT: Have any promises been made to you concerning the actual sentence that you will receive to get you to plead guilty?

> THE DEFENDANT: A below-guidelines sentence.

> THE COURT: Somebody promised you that you would get a below-guidelines sentence?

> THE DEFENDANT: Not a promise, but a big maybe.

> THE COURT: Oh, so you understand there could be a possibility of that?

> THE DEFENDANT: Yes.

> THE COURT: All right. But that wasn't promised to you?

> THE DEFENDANT: No.

("Plea Allocution Tr.," Dkt. No. 85 at 25:8-25; <u>see also</u> Appellate Brief at 14.)

The Second Circuit held that Delvalle's plea was voluntary because during the plea allocation, Magistrate Judge Parker confirmed that Delvalle had not been promised a below-Guidelines sentence and understood that such a sentence was only a "possibility." ("Second Circuit Opinion," Case No. 22-1539, Dkt. No. 78 at 12-13.) The Second Circuit explained that "a defendant's guilty plea is not involuntary

simply because he has a mistaken expectation at the time of entering his plea of what his sentence will be." (Id. at 16.) As such, the Second Circuit affirmed this Court's acceptance of Delvalle's guilty plea. (See id. at 20.)

B.   THE INSTANT MOTION

On December 9, 2024, Delvalle moved *pro se* to vacate, set aside, or correct his sentence pursuant to Section 2255 due to alleged ineffective assistance of Appellate Counsel. (See Dkt. No. 182.) On January 7, 2025, Delvalle filed an amended Section 2255 Motion – the operative motion – adding grounds for relief and incorporating his prior claims. (See Section 2255 Motion.) Delvalle argued that he should be resentenced because Appellate Counsel was ineffective for failing to raise three grounds for resentencing: (1) the statute of conviction should have been 21 U.S.C. § 841(b)(1)(C) instead of 21 U.S.C. § 841(b)(1)(B); (2) the buyer-seller defense to the conspiracy charge under 21 U.S.C. § 846; and (3) grounds for a reduction in Delvalle's sentence under Guidelines Amendment 794 and Guidelines Sections 5H1.1 and 5H1.4. (See Section 2255 Motion at 1-5.)

The Government submitted its opposition to Delvalle's Section 2255 Motion on March 10, 2025, arguing that Appellate Counsel was not ineffective for declining to raise the above grounds on appeal because all of them were barred by the Plea

Agreement and regardless were meritless. (See Opposition at
6.) Delvalle replied to the Opposition on April 4, 2025, in
which he repeated the arguments in his Section 2255 Motion.
(See Reply.)

## II.  LEGAL STANDARD

To obtain relief pursuant to Section 2255, a defendant
must establish "a constitutional error, a lack of
jurisdiction in the sentencing court, or an error of law or
fact that constitutes 'a fundamental defect which inherently
results in a complete miscarriage of justice.'" United States
v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (quoting Hill v. United
States, 368 U.S. 424, 428 (1962)).

The Sixth Amendment guarantees a criminal defendant the
right to effective assistance from his attorney. See Gonzalez
v. United States, 722 F.3d 118, 130 (2d Cir. 2013). To
"establish an ineffective assistance claim [under Section
2255], a petitioner must show that counsel's performance was
deficient, and that the deficiency prejudiced the defense."
Cardoza v. Rock, 731 F.3d 169, 178 (2d Cir. 2013) (citing
Strickland v. Washington, 466 U.S. 668, 687 (1984)). Claims
of ineffective assistance of appellate counsel are analyzed
under the same Strickland analysis as those for ineffective
assistance of trial counsel. See Smith v. Robbins, 528 U.S.
259, 285 (2000).

With respect to the performance prong, "counsel should be strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. . . . To overcome that presumption, a defendant must show that counsel failed to act reasonably considering all the circumstances." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quotation marks and citations omitted). While courts are deferential to defense counsel's strategic decisions, those decisions must be within "the wide range of professionally competent assistance." Strickland, 466 U.S. at 690.

In the appeals context, appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." Smith, 528 U.S. at 288. Moreover, counsel's decision "to forgo an unsupported argument" does not constitute ineffective assistance of counsel, United States v. Best, 219 F.3d 192, 201 (2d Cir. 2000), because counsel "is not required to engage in the filing of futile or frivolous motions." United States v. Nersesian, 824 F.2d 1294, 1322 (2d Cir. 1987). A claim is "frivolous when either: (1) the factual contentions are clearly baseless . . . or (2) the claim is based on an indisputably meritless legal theory."

<u>Livingston v. Adirondack Beverage Co.</u>, 141 F.3d 434, 437 (2d Cir. 1998) (quotation marks and citations omitted).

With respect to the prejudice prong, a defendant must show that counsel's errors were prejudicial because "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Cullen</u>, 563 U.S. at 189 (quotation marks and citation omitted).

In addition, Section 2255 "requires the district court to hold a hearing '[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" <u>Chang v. United States</u>, 250 F.3d 79, 85 (2d Cir. 2001) (quoting 28 U.S.C. § 2255(b)). No hearing is required "where the allegations are 'vague, conclusory, or palpably incredible.'" <u>Gonzalez v. United States</u>, 722 F.3d 118, 130 (2d Cir. 2013) (quoting <u>Machibroda v. United States</u>, 368 U.S. 487, 495 (1962)).

### III. DISCUSSION

Delvalle argues that Appellate Counsel was ineffective for failing to raise the following three arguments: (1) the statute of conviction should have been 21 U.S.C. § 841(b)(1)(C) instead of U.S.C. § 841(b)(1)(B); (2) the "mere buyer-seller agreement" defense to Delvalle's conspiracy conviction under 21 U.S.C. § 846; and (3) various

9

Guidelines provisions should have applied to reduce Delvalle's sentence. (See Section 2255 Motion at 1-5.) The Court finds that all of Delvalle's arguments are barred by his stipulation in the Plea Agreement that he would not appeal or challenge his sentence under Section 2255. Even if the Plea Agreement did not contain such a waiver, Delvalle's arguments are meritless.

A.    THE WAIVER

Under the Plea Agreement, Delvalle agreed to waive his right to appeal or collaterally attack his sentence through a Section 2255 motion so long as he was sentenced within or below the stipulated Guidelines range of 360 to 480 months' imprisonment (the "Waiver"). (See Plea Agreement at 4.) Given that this Court sentenced Delvalle to a within-Guidelines sentence of 420 months' imprisonment (see Judgment at 2), Delvalle has waived his right to appeal or collaterally attack his sentence. Hence, Delvalle's Section 2255 Motion is barred.

"[A] defendant's knowing and voluntary waiver of his right to appeal and/or collaterally attack his sentence pursuant to section 2255 is generally enforceable." Persaud v. United States, No. 12 Civ. 2051, 2012 WL 5199371, at *3 (S.D.N.Y. Oct. 22, 2012) (citing Frederick v. Warden, Lewisburg Corr. Facility, 308 F.3d 192, 195 (2d Cir.2002)).

The Court is mindful that a petitioner may "raise a claim despite a guilty plea or appeal waiver" by "show[ing] that the plea agreement was not knowing and voluntary, . . . because 'the advice he received from counsel was not within acceptable standards.'" Parisi v. United States, 529 F.3d 134, 138 (2d Cir. 2008) (quoting United States v. Torres, 129 F.3d 710, 715-16 (2d Cir.1997)) (citation omitted). Delvalle raises no such challenges to the Plea Agreement, however. Rather, Delvalle's Section 2255 Motion challenges Appellate Counsel's performance because he declined to make certain arguments before the Second Circuit. Therefore, as Delvalle does not challenge the underlying Plea Agreement, the Court holds that the Waiver is enforceable and bars the instant Section 2255 Motion.

Moreover, the Waiver barred Appellate Counsel from appealing Delvalle's sentence on grounds other than challenging the voluntariness of Delvalle's Plea Agreement. See Parisi, 529 F.3d at 138. Appellate Counsel did just that when he challenged Delvalle's sentence on the basis that Delvalle's plea was involuntary because it was premised on an expectation of a downward variance. (See Appellate Brief at 11.) The three arguments that Delvalle contends Appellate Counsel should have raised were barred by the Waiver, as none of those arguments attack the voluntariness of Delvalle's

plea. Appellate Counsel was not ineffective for declining to raise them. See Brown v. Brown, No. 08 Civ. 10844, 2012 WL 2899049, at *3 (S.D.N.Y. July 16, 2012) ("[A]ppellate counsel's performance does not fall below an objective standard of reasonableness when he fails to argue a meritless claim on appeal.")

B.    THE STATUTES OF CONVICTION

Even if the Waiver did not bar the Section 2255 Motion or Delvalle's right to appeal, Appellate Counsel's decision to not challenge the statutes of conviction was reasonable in light of the Plea Agreement.

Delvalle's first two arguments are that Appellate Counsel was ineffective because he did not raise that the statutes of conviction to which Delvalle pleaded guilty should not have applied. First, Delvalle contends that Appellate Counsel should have argued that the statute of conviction should have been 21 U.S.C. § 841(b)(1)(C) instead of 21 U.S.C. § 841(b)(1)(B). (See Section 2255 Motion at 1.) 21 U.S.C. § 841(b)(1)(B)(iii) – the statute of conviction – prohibits the distribution or possession with intent to distribute *28 grams or more* of substances containing cocaine base. The statute provides a minimum sentence of five years' imprisonment and a maximum of forty years' imprisonment. 21 U.S.C. § 841(b)(1)(C) prohibits the distribution of schedule

I or II controlled substances (*i.e.* less than 28 grams in the case of substances containing cocaine base). The statute provides no mandatory minimum term of imprisonment and a maximum sentence of 20 years' imprisonment. Hence, Delvalle contends that if he had been convicted under 21 U.S.C. § 841(b)(1)(C), he would "not be sentence[d] to 35 years." (Section 2255 Motion at 2.) Delvalle does not argue that there was no factual basis for the drug quantity assessment, but baldly asserts that the statute of conviction was incorrect.

Second, Delvalle argues that Appellate Counsel should have raised that Delvalle could not be convicted of *conspiracy* to distribute mixtures and substances containing a detectable quantity of cocaine base under 21 U.S.C. § 846 because he merely sold his own drugs and did not know that the buyers would further distribute them (*i.e.* the "mere buyer-seller agreement" defense). (See Section 2255 Motion at 3.) Delvalle does not present any evidence with his Section 2255 Motion indicating that there was no factual basis for the conspiracy charge.

Delvalle overlooks that the statutes of conviction were 21 U.S.C. §§ 841(b)(1)(B) and 846 because he pleaded guilty to an information charging him with conspiracy to distribute and possess with intent to distribute 28 grams and more of substances containing a detectable amount of cocaine base.

(See Plea Agreement at 1; "S3 Superseding Information," Dkt. No. 80 ¶ 3.) As explained above in Section III.A, Delvalle does not argue that his plea was involuntary or that Trial Counsel's performance was deficient in presenting the Plea Agreement to him. When a defendant pleads guilty and his plea is voluntary, counsel cannot argue on direct appeal that the statutes of conviction to which the defendant pleaded guilty were incorrect. See United States v. Coffin, 76 F.3d 494, 497 (2d Cir. 1996) ("A defendant who pleads guilty unconditionally while represented by counsel may not assert independent claims relating to events occurring prior to the entry of the guilty plea.").

Moreover, Delvalle does not address his sworn statements attesting that he was guilty of the charged offenses. At his plea allocution hearing, while under oath, Delvalle answered "yes" to Magistrate Judge Parker's question of whether he "in fact, committed this offence." (Plea Allocution Tr. at 26:15-17.) Delvalle went on to say that "[d]uring the period of 2009 to 2011, [he] *agreed with others* to sell *28 grams* of crack cocaine." (Id. at 26:23-25 (emphasis added).) Magistrate Judge Parker further asked "When you entered into this agreement, did you understand that you were agreeing to sell these drugs?," to which Delvalle answered "yes." (Id. at 27:5-7.) Magistrate Judge Parker then asked Delvalle "how

14

much drugs" the agreement involved, to which Delvalle
answered, "28 grams." (Id. at 27:8-9.) A defendant's
statements at a plea proceeding admitting all the elements of
the charge to which he is pleading guilty "carry a strong
presumption of verity." United States v. Maher, 108 F.3d
1513, 1530 (2d Cir. 1997) (quoting Blackledge v. Allison, 431
U.S. 63, 74 (1977) (quotation marks omitted)). Likewise,
where, as here, a defendant "has explicitly stated in his
allocution that he fully understands the consequences of his
plea and that he has chosen to plead guilty after a thorough
consultation with his attorney, a district court on habeas
review may rely on the defendant's sworn statements and hold
him to them." Padilla v. Keane, 331 F.Supp.2d 209, 217
(S.D.N.Y. 2004). (See Plea Allocution Tr. at 9:14-26:11.)

Accordingly, the Court finds that Appellate Counsel was
not ineffective for declining to argue on direct appeal that
Delvalle should have been convicted under 21 U.S.C.
§ 841(b)(1)(C) rather than under 21 U.S.C. § 841(b)(1)(B) and
that Delvalle should not have been convicted 21 U.S.C. § 846.

C.    GUIDELINES PROVISIONS

Delvalle's third argument is that Appellate Counsel
should have argued that Guidelines Amendment 794, which
clarified Guidelines Section 3B1.2 and impacts offense level
calculation, and Guidelines Sections 5H1.1 and 5H1.4, which

15

provide circumstances where a Court may depart from the Guidelines sentencing range, should have been applied to reduce his sentence. (See Section 2255 Motion at 4-5.) The Waiver barred Appellate Counsel from raising any of the aforementioned Guidelines provisions on appeal, such that Appellate Counsel was not ineffective for declining to raise them. Further, even without the Waiver, application of Guidelines Section 3B1.2 was foreclosed by the Plea Agreement.

Guidelines Section 3B1.2 provides for a reduction in the defendant's Guidelines offense level if the defendant played a "minimal" or "minor" role in the offense, such that he is "substantially less culpable than the average participant in the criminal activity." U.S.S.G. § 3B1.2; Application Notes to U.S.S.G. § 3B1.2 at 3(A). But, even absent the Waiver, Guidelines Section 3B1.2 could not have reduced Delvalle's Guidelines offense level because Delvalle stipulated to an offense level of 42 under the Plea Agreement. (See Plea Agreement at 3.)

Moreover, the Application Notes instruct that when, as here, a defendant "has received a lower offense level by virtue of being convicted of an offense significantly less serious than warranted by his actual criminal conduct, a reduction for a mitigating role . . . is not warranted."

Application Notes to U.S.S.G. § 3B1.2 at 3(B). Delvalle was originally charged with murder in aid of racketeering activity, in violation of 18 U.S.C. § 1959(a)(1) and (2), and murder in connection with a drug crime, in violation of 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2. (See Dkt. No. 25; Opposition at 7.) These charges carry a mandatory term of life imprisonment and a minimum term of 20 years' imprisonment, respectively. (See id.) Instead, Delvalle pleaded guilty to one count of conspiracy to distribute and possess with the intent to distribute 28 grams and more of mixtures and substances containing a detectable quantity of cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846. (See Plea Agreement at 1.) Therefore, Appellate Counsel was not ineffective for declining to argue that Guidelines Section 3B1.2 should have applied to Delvalle.

                              ***

    For the reasons explained above, the Court finds that Delvalle's Section 2255 Motion is barred by the Waiver. Regardless, Delvalle's challenges to Appellate Counsel's performance are meritless because the Waiver also barred direct appeal. Furthermore, even if the Plea Agreement did not contain the Waiver, challenges to the statutes of conviction and application of Guideline Section 3B1.2 would be meritless under the Plea Agreement, as Delvalle pleaded

guilty to violations of those statutes and stipulated to a Guidelines offense level. Because the Court finds that Appellant Counsel's performance was not deficient, it does not reach prejudice. See <u>Strickland</u>, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one."). As Delvalle's claims are legally barred and there is no factual dispute, the Court finds that an evidentiary hearing is unnecessary. See <u>Chang</u>, 250 F.3d at 85.

## IV. <u>ORDER</u>

Accordingly, for the reasons stated above, it is hereby

**ORDERED** that the motion of petitioner Kevin Delvalle ("Delvalle") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (<u>United States v. Delvalle</u>, Case No. 17 Cr. 314, Dkt. No. 185; <u>Delvalle v. United States</u>, Case No. 24 Civ. 9487, Dkt. No. 6) is **DENIED**.

The Clerk of Court is hereby directed to mail this Order to Kevin Delvalle, Register Number 28001-055, McKean F.C.I., 6975 Route 59, Lewis Run, Pennsylvania 16738 and note service on each docket.

Because Delvalle has failed to demonstrate a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253; <u>see also Lucidore v. N.Y.</u>

State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000) ("[T]he 'substantial showing' requirement for granting a [certificate of appealability] is satisfied if the issues involved in a petition are debatable among jurists of reason, could be resolved in a different manner, or are adequate to deserve encouragement to proceed further.").

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444-45 (1962) (an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

**SO ORDERED.**

Dated:    New York, New York
          5 May 2025

                                    _____
                                           Victor Marrero
                                             U.S.D.J.