USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/19/26

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

KEVIN DELVALLE,

Petitioner,

- against -

UNITED STATES OF AMERICA,

Respondent.

**17 Cr. 314 (VM)**
**24 Civ. 9587 (VM)**

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

Defendant-Petitioner Kevin Delvalle ("Delvalle") was convicted, following a guilty plea, of one count of conspiracy to distribute and possess with intent to distribute cocaine base. (See Dkt. Nos. 81, 83.)[1] On July 8, 2022, this Court sentenced Delvalle to a within-Guidelines sentence of 420 months' imprisonment. (See Dkt. No. 148.) On March 5, 2024, the Second Circuit affirmed Delvalle's conviction on appeal. (See Dkt. No. 169.) On December 9, 2024, Delvalle moved *pro se* to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("Section 2255") due to alleged ineffective assistance of appellate counsel. (See Dkt. No. 182.) This Court denied Delvalle's Section 2255 motion on May 5, 2025. (See Dkt. No. 192.)

[1] Unless otherwise noted, all citations to the record refer to Case No. 17 Cr. 314.

On May 31, 2025, Delvalle — again acting *pro se* — filed the instant motion to amend his Section 2255 motion pursuant to Federal Rule of Civil Procedure ("Rule") 15(a).[2] (See Dkt. No. 193.) Delvalle's motion presents three new claims of ineffective assistance of trial counsel as bases for relief under Section 2255. (See id.)

Rule 15(a) applies to motions to amend habeas motions as it does to motions to amend pleadings in civil matters. See Ching v. United States, 298 F.3d 174, 180 (2d Cir. 2002).[3] Under Rule 15(a), leave to amend should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a). Nonetheless, a district court may properly deny leave when "amendment would be futile." E.g., Feliciano v. United States, No. 01 Civ. 9398, 2009 WL 928140, at *2 (S.D.N.Y. Mar. 30, 2009) (internal quotation marks omitted).

---

[2] Although filed on the docket on June 12, 2025, Delvalle's motion is dated May 31, 2025. (See Dkt. No. 193 at 10.) Under the "prison mailbox rule," a prisoner's filing is deemed filed on the date it is entrusted to prison authorities for mailing. See German v. United States, 209 F. Supp. 2d 288, 291 (S.D.N.Y. 2002). The Court therefore assumes a filing date of May 31, 2025, for purposes of timeliness.

[3] Delvalle filed his motion to amend after this Court's Decision and Order denying his original Section 2255 motion but within the thirty-day window for filing an appeal. See Fed. R. App. P. 4(1)(A). Accordingly, Delvalle's motion is properly considered a motion to amend his original motion rather than a second or successive habeas petition. Cf. Ching, 298 F.3d at 177–78 (holding that a defendant's second Section 2255 motion filed during pendency of appeal of the defendant's first Section 2255 motion should be construed as motion to amend rather than a second or successive habeas petition); see also Clark v. United States, 764 F.3d 653, 659-60 (6th Cir. 2014) (relying on Ching in holding that a motion to amend filed after dismissal of a 2255 motion but before the time to appeal had expired was not a second or successive petition).

Delvalle's proposed amendments to his Section 2255 motion would be futile. As this Court explained in denying Delvalle's original motion, under his plea agreement, Delvalle waived his right to appeal or collaterally attack his sentence pursuant to Section 2255. (See Dkt. No. 192 at 10-11.) That agreement is enforceable and bars Delvalle's Section 2255 claims unless he can show that "the plea agreement was not knowing and voluntary, . . . because 'the advice he received from counsel was not within acceptable standards.'" Parisi v. United States, 529 F.3d 134, 138 (2d Cir. 2008) (quoting United States v. Torres, 129 F.3d 710, 715-16 (2d Cir. 1997)) (citation omitted).

Much of Delvalle's motion involves arguments concerning the statutory basis of his conviction, the appropriate sentencing range under the Sentencing Guidelines, and alleged insufficiencies in the Government's evidence. These arguments are all covered by and do not undermine the voluntariness of his waiver as they do not implicate the effectiveness of his counsel or the "validity of the process by which [his] waiver [was] procured." Frederick v. Warden, Lewisburg Corr. Facility, 308 F.3d 192, 196 (2d Cir. 2002).

Delvalle's motion includes scattered references to "poor advice" from trial counsel and issues of law he believes his trial counsel should have investigated. (Dkt. No. 193 at 4,

7.) To establish a claim for ineffective assistance of counsel sufficient to undermine the validity of his waiver, Delvalle "must show that (1) his counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) he was prejudiced by counsel's deficient performance." United States v. Ballesteros, Nos. 06 Civ. 6927, 03 Cr. 347, 2007 WL 778051, at *4 (S.D.N.Y. Mar. 16, 2007) (citing Strickland v. Washington, 466 U.S. 668, 686-88 (1984)). Delvalle makes no argument as to the objective standard of reasonableness below which his counsel's performance fell or any resulting prejudice to him. His proffered amendments therefore fail to establish ineffective assistance of counsel undermining the validity of his plea and waiver, especially considering Delvalle's sworn statements during his plea allocution that he had discussed the plea agreement with his counsel and understood and agreed to its terms, including the waiver. (Dkt. No. 85 at 17:12-25, 21:2-23, 22:6-11.) Inclusion of Delvalle's proposed amendments would therefore be futile.

Accordingly, Delvalle's motion to amend is DENIED.

## I. ORDER

The Motion (Dkt. No. 193) of Defendant-Petitioner Kevin Delvalle to amend his motion pursuant to 28 U.S.C. § 2255 is **DENIED.**

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate the motion at Docket Number 193 in Case Number 17 Cr. 314 and to mail a copy of this Memorandum Opinion and Order to Kevin Delvalle, Register Number 28001-055, McKean F.C.I., 6975 Route 59, Lewis Run, Pennsylvania 16738 and note service on each docket.

**SO ORDERED.**

Dated: 19 August 2026
New York, New York

Victor Marrero
U.S.D.J.